**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 25-6937**

───────────

RICHARD J. FORBES,

Plaintiff - Appellant,

v.

WARDEN WILLIAM BAILEY; ALYSIA KEENE, RN; CORRECTIONAL OFFICER SAMUEL LOPEZ; CORRECTIONAL OFFICER MARC JONES,

Defendants - Appellees.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Brendan A. Hurson, District Judge.  (1:24-cv-02252-BAH)

───────────

Submitted:  June 25, 2026                          Decided:  June 30, 2026

───────────

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Remanded by unpublished per curiam opinion.

───────────

Richard J. Forbes, Appellant Pro Se.  Nicole Ring Young, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee Warden William Bailey, Correctional Officer Samuel Lopez, and Correctional Officer Marc Jones.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard J. Forbes seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 complaint. Appellees contend that this Court lacks jurisdiction over the appeal because Forbes did not timely file his notice of appeal.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). However, when a party files either a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment or a Fed. R. Civ. P. 60(b) motion for relief from the judgment within 28 days of the court's order, "the time to file an appeal runs . . . from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A)(iv), (vi).

Here, the district court entered its final order on August 29, 2025. Within 28 days of the court's entry of the order—in a "memorandum opinion response" dated September 17 and received by the court on September 23—Forbes asked the court to reconsider its dismissal of his action. The court returned the motion to Forbes unfiled because the underlying case was closed. Forbes then noted the instant appeal.

Upon review, we conclude that the court erred by failing to docket Forbes's timely filed Rule 59(e) motion. Accordingly, we remand the case for the district court to docket and consider the motion. We express no opinion on the ultimate disposition of Forbes's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*REMANDED*

2